## BOARD OF COMMISSIONERS OF CROOK COUNTY v. MULHOLLAND.

### (No. 759.)

COUNTIES—OFFICERS—COMPENSATION.

1. Campbell county having been created out of territory taken from Crook and Weston counties by an Act approved February 13, 1911, providing that until the new county shall have organized and elected officers, as provided by law, and said officers shall have qualified, the parts belonging to Crook and Weston counties, respectively, shall remain a part of said counties, respectively, for judicial, revenue and election purposes, including representation in the legislature, its first officers were elected, as provided by law, at the general election in November 1912, and they qualified on the first Monday in January 1913. *Held.* 1. That the term "revenue purposes" used in the act creating Campbell county included the assessment of property for taxation; no method having been provided for such assessment, prior to the complete organization of the new county, other than as a part of the parent county. 2. That for the purpose of the assessment of property for taxation, Crook county was not affected by the act creating Campbell county until the latter completed its organization by the election and qualification of its officers, and the assessed valuation for Crook county for 1912, therefore, included all property located and situated within its boundaries as established prior to the act creating the new county: 3. That said assessment in Crook county for 1912 controls

the classification of the county for the purpose of deter-
mining the salary of its county officers elected at the gen-
eral election in November, 1912, under and within the mean-
ing of the statute classifying counties according to as-
sessed valuation, for the purpose of fixing the compensa-
tion of county officers, and providing that for the purpose
of such classification the assessed valuation of a county
shall be ascertained by reference to the assessment last
made before the election or appointment of the county
officers affected thereby. 4. That one who was elected
county assessor in Crook county at said general election
in November 1912, and qualified, as provided by law, in
January 1913, was entitled for the month of April 1913, and
during his term of office under said election, to the salary
fixed by law for assessors in counties of the first class;
the said assessed valuation of Crook county in 1912 hav-
ing been more than $5,000,000, thereby making the county
at the time of the election in November 1912 a county of
the first class, and it being the rule in this state that a
change in the assessed valuation of a county occurring
after the election of a county officer does not affect his
compensation.

[Decided November 10, 1913.]            (135 Pac. 112.)

Error to the District Court, Crook County; Hon Car-
roll H. Parmelee, Judge.

R. L. Mulholland, having been elected at the general elec-
tion in November 1912, to the office of County Assessor of
Crook County, brought this action against the Board of
County Commissioners of Crook County to recover a bal-
ance claimed to be due him on his salary for the month of
April 1913. From a judgment in his favor, the defendant
brought error. The material facts are stated in the opinion.

*Harry P. Ilsley,* for plaintiff in error.

The only question in the case is whether or not, prior to
November 5, 1912, the territory included in Campbell
County, formerly belonging to Crook County, was so segre-
gated by the act creating Campbell County that the valua-
tion of that County should be deducted from the total valu-
ation in the year 1912 of Crook County as formerly consti-
tuted. Counties are created by the sovereign power of the

State. (7 Ency. Law, 904.) And it has been held that a county for certain purposes at least may exist without a government and hence may be said to be created as distinguished from organized. (7 Ency. Law, 905). The act creating Campbell County defines the boundaries of the county and gives it a name, and such creation of the county was ratified by the voters of the new county at a special election held in July 1911. Thus to all intents and purposes that county was created and segregated from the parent counties from and after July 1911; the statute providing that for the purposes of such special election in such organized county it shall be deemed to be segregated from the original county or counties from which the same is taken. It is true that Crook County continued to administer the affairs and pay the expenses of the county government, save and except the expenses of the special election in that part of Campbell County taken from Crook. This was necessary for the reason that the officers of Campbell County could not be elected until the general election in November 1912. But the new county should be considered separate and apart from the parent county as far as classification for the purpose of determining salary of officers is concerned. When the officers of Crook County elected in November 1912 qualified in January following, Campbell County had become organized. (Bank v. McKinney, 2 S. D.————; 7 Ency. Law, 907).

*E. C. Raymond*, for defendant in error.

It is unquestioned that Crook County at the time of the election of the plaintiff as County Assessor in November 1912, possessed an assessed valuation making it a first-class county. Without the act creating Campbell County this would have entitled the plaintiff to the salary claimed. But the county mistakenly contends that such salary should be based on the assessed valuation of the county after the final organization of Campbell County. There is no statute requiring a separate assessment when a new county is formed,

but, on the contrary, the act creating Campbell County provides that until the new county shall become organized the territory therein shall belong to and remain a part of the counties, respectively, from which it was taken "for judicial, revenue and election purposes, including representation in the Legislature." The Legislature did not attempt to repeal the existing law covering the organization of unorganized Counties, but simply named a certain territory "Campbell County", subject to the action of the electors therein at a special election to be called as provided by law. That being the situation it cannot be said that the act creating the new county reduced in any manner the assessed valuation of Crook County. The provision of the general law that for the purpose of "such election any such unorganized county shall be deemed to be segregated from the original county or counties from which the same is taken" refers only to the special election held for the purpose of "submitting to the qualified electors of the territory proposed to be cut off the question of whether said qualified electors are in favor of division." That was the only purpose and effect of the special election held in Campbell County in July 1911. Campbell County had no official standing until the first Monday in January 1913; no special levy was or could be made for Campbell County for the year 1912; no change of any kind or character in the assessment or collection of taxes was made in 1912; all county matters were conducted and regulated in Crook County until the first Monday in January 1913, in the same manner as though Campbell County had not been created. In view of these facts, and in the light of the constitutional provision prohibiting the passage of any law increasing or diminishing the salary of a public officer after his election or appointment, it must be concluded that the plaintiff is entitled to the salary claimed, based upon the assessed valuation of Crook County on November 5, 1912, the date of his election. (Converse County v. Burns, 3 Wyo. 691; Guthrie v. Board, 7 Wyo. 95; Taylor v. Commissioners, 70. Pac. 835).

BEARD, JUSTICE.

This action was brought by Mulholland against The Board of County Commissioners of Crook county to recover $25 which he claimed as a balance due him as salary as county assessor of said county for the month of April, 1913. The cause was tried to the District Court of Crook county and judgment rendered in favor of plaintiff and defendant appeals.

The only question to be determined in the case is whether Crook county was on November 5, 1912, the date of the general election in that year at which Mulholland was elected assessor of that county, was a county of the first or of the second class. If it was then a county of the first class the judgment was right. The case was submitted upon the following agreed statement of facts: "First, That the Legislature of Wyoming by an act approved February 13, 1911, formed the County of Campbell out of Crook and Weston counties and fixed its boundaries. Second, That the people living within that part of Crook county, now known as Campbell county, voted at a special election held in July, 1911, to become a separate county, to be known as Campbell county. Third, That at the general election held on the 5th day of November, 1912, said county of Campbell elected county officers, including the Board of County Commissioners. Fourth, That the majority of said Board of County Commissioners of Campbell county so elected, qualified on the first Monday in January, 1913. Fifth, That the plaintiff herein, R. L. Mulholland, was duly elected County Assessor of Crook county, Wyoming on the 5th day of November, 1912, and qualified as such assessor on the 7th day of January, 1913. Sixth, That the assessed valuation of Crook county for the year 1912 was $7,096,119 and that the part belonging to the old County of Crook, as near as can be ascertained, was $4,356,126, and the part belonging to that part of Crook county, now known as Campbell county, as near as can be ascertained, was $3,749,993. Seventh, That all the expenses incurred by that part of Crook county, now known as Campbell county, prior to the

first Monday in January, 1913, except the expenses of the special election held in July, 1911, were charged to and paid by Crook county."

It is conceded by counsel for the respective parties, in their briefs, that the law in force at the time of Mulholland's election provided that counties having an assessed valuation of more than $5,000,000 were counties of the first class. But counsel for plaintiff in error contends that as Crook county was divided and a part of its territory taken to form Campbell county, that the assessed valuation of the part so taken should be deducted from the assessed valuation of Crook county for the year 1912, which would leave it a county of the second class. We do not agree with that contention. Section 2 of the Act of February 13, 1911, provided, "Until such time as said county of Campbell shall have organized and elected county officers, as provided by law, and the said officers shall have duly qualified, all such portions of said county as at the time of the passage of this act, belong to and are a part of Crook and Weston counties, respectively, shall remain a part of said counties respectively, for judicial, revenue and election purposes, including representation in the Legislature." Certainly the term "revenue purposes" as there used includes the assessment of property for taxation; and no method is provided for such assessment, prior to the complete organization of the new county by the election and qualification of its officers, other than as a part of the parent county. Again, by section 1058 Comp. Stat. 1910, it is provided, when a majority of the county commissioners of the new county have been elected, and have qualified and entered upon their duties, such county shall be deemed and held to be organized. We think it quite clear that, for the purpose of assessment, Crook county was not affected by the act creating Campbell county until the latter completed its organization; and that the assessed valuation of Crook county for 1912 included all property located and situated within its boundaries as such boundaries were established prior to the act of February 13, 1911.

By section 1150 Comp. Stat. 1910, it is provided: "The assessed valuation of a county for purposes of classification for compensation of its officers shall be ascertained by a reference to the assessment last made before the election or appointment of the county officer affected thereby." In this case that was the assessment for 1912; and it is the rule in this state that a change in the assessed valuation of a county occurring after the election of a county officer does not affect his compensation. (Board of Commissioners v. Burns, 3 Wyo. 691, 29 Pac. 894, 30 Pac. 415; Guthrie v. Com'rs. of Converse Co., 7 Wyo. 95, 50 Pac. 229). It being shown by the agreed statement of facts in this case that the assessed valuation of Crook county on November 5, 1912, the date of Mulholland's election as assessor for said county, was more than $5,000,000, Crook county was then a county of the first class and he was and is entitled to the salary fixed by law for assessors of counties of the first class. Being of the opinion that the case was correctly decided by the District Court, the judgment is affirmed.

*Affirmed.*

Scott, C. J., concurs.
Potter, J., being ill, did not sit.